**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN CARLOS
QUINTANA-NAVARETTE,

Defendant-Appellant.

No. 06-3174
(D.C. No. 05-CR-20077-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

Defendant pled guilty to conspiring to distribute or possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. His plea agreement states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." Plea Agreement at 5 (dated and filed Jan. 5, 2006). More specifically, it recites

---

[*]   This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that he "knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court," reserving the right to appeal only "to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." *Id.* at 5, 6. The agreement recites defendant's understanding that he faced a sentence of "not less that ten (10) years nor more than Life imprisonment." *Id.* at 1. The district court imposed a ten-year sentence and, notwithstanding the appeal waiver in his plea agreement, defendant appealed. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). For reasons explained below, we grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful. *Id.* at 1327. The government's motion addresses these considerations, explaining why none of them undermines defendant's appeal waiver. Upon review of the pertinent plea and sentencing materials, we agree.

-2-

In response to the government's motion, defendant's counsel "concede[d] that, in light of the Defendant's agreement to waive his right to appeal in the plea agreement, the appeal is wholly frivolous," and moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Response to Appellee's Motion to Enforce Appeal Waiver and Motion for Leave to Withdraw as Counsel at 1. Counsel stated that "the disputed appeal falls within the scope of the waiver of appellate rights"; that "the defendant knowingly and voluntarily waived his appellate rights, as is evidenced by the transcript of the Defendant's plea hearing"; and that counsel could "find[] nothing to support the argument that enforcing Defendant's plea waiver would result in a miscarriage of justice." *Id.* at 1-2.

This court provided defendant with copies of the government's motion and counsel's response and gave him the opportunity to argue why this appeal should be heard despite his appeal waiver. In his two responses, he has asserted several arguments, none of which, however, undercuts or circumvents the waiver.

First of all, he flatly denies that he committed the offense, insisting that a co-defendant's inculpatory testimony was false and that other co-defendants would support his case. This claim falls squarely within defendant's broad waiver of the right to appeal "any matter in connection with this . . . conviction." Plea Agreement at 5. Indeed, a guilty plea in itself, which conclusively admits guilt and waives all nonjurisdictional objections, bars appellate review of claims that the offense has not been established. *See, e.g.*, *United States v. Flynn*,

-3-

309 F.3d 736, 739 (10th Cir. 2002); *United States v. Dwyer*, 245 F.3d 1168, 1170 (10th Cir. 2001).

Second, in a related vein, defendant complains of an inconsistency in the factual recitation of the offense as stated in the plea agreement and at the plea hearing. The agreement recites that "the parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:"

> During the period between August 2003, the exact date being unknown and March 5, 2005, the defendant **Juan Quintana-Navarette** did knowingly and intentionally combine, conspire, confederate and agree together with Jaime Carrasco, Arturo Ramirez-Caudillo, Laura Terrazas, Ruben Dominguez and Victor Dominguez, Victor Garcia Bojorquez, and others unknown to distribute and possess with intent to distribute in excess of 1000 kilograms of marijuana.
>
> . . . .
>
> Patricia Richardson testified that between November 2003 and late October or early November 2004, she transported and delivered 10-15 various size loads of marijuana to the defendant **Juan Quintana-Navarette**. Four or five of these loads were 200 pounds each, five or six of these loads were 400 pounds each, two loads were 600 pounds each, and one load was 2,200 pounds. Ms. Richardson testified that Carlo Carrasco was one source of supply of the marijuana she delivered to **Juan Quintana[-]Navarette**.
>
> . . . . Patricia Richardson also testified that she would pick up marijuana from [Chamberino, New Mexico] to deliver to **Juan Quintana-Navarette**.

Plea Agreement at 2 (emphasis added). When government counsel recited these facts verbatim at the plea hearing, the first, third, and fourth references to

-4-

defendant were made but for some reason the second (regarding the particular deliveries of marijuana) was omitted and co-defendant Arturo Ramirez-Caudillo's name was recited instead.  *See* Transcript of January 5, 2006, Plea Proceeding (Plea Tr.) at 21-22.  This alteration, whether inadvertent or deliberate,[1] does not negate or avoid defendant's appeal waiver.  Defendant's admissions at the plea hearing, *see* supra note 1, clearly supported his plea (and hence his associated appeal waiver) in any event.

Defendant also notes that under his attorney's signature the plea agreement erroneously states "Attorney for Defendant Arturo Ramirez."  Plea Agreement at 8.  This obvious clerical error (the docket clearly shows that the signing attorney represented defendant and that another attorney represented co-defendant Arturo Ramirez-Caudillo) has no material significance here.  Both defendant and his attorney signed the plea agreement, *id.* (indeed it appears they did so together in open court, *see* Plea Tr. at 21), which was fully considered and accepted by the court at the plea hearing, *see id.* at 13-27.

---

[1]     From all indications, the change was inadvertent.  Shortly after the above facts were recited, defendant's counsel stated that defendant was "willing to admit this afternoon, as to [the paragraph reciting the particular deliveries], that Ms. Patricia Richardson *delivered the marijuana to him* on various occasions and that is a fairly accurate account of the deliveries that *she made to him*."  Plea Tr. at 23 (emphasis added) (also stipulating that "the amounts involved exceeded 1,000 kilograms").  Defendant himself then admitted that he conspired with Ms. Richardson and that he received "the quantities of marijuana . . . that are set out in the [same] paragraph."  *Id.* at 25.

Next, defendant complains in quite general terms of counsel's performance, stating that he "felt that [his] lawyer [was not] representing [him] properly" during the first two days of trial,[2] which led him to conclude that "it would be easier for [him] to plea[d] guilty at that time and appeal[] it later." July 16, 2006, response of defendant at 2; *see also* July 31, 2006, response of defendant at 2. While *Hahn* noted that ineffective assistance was one potential basis for avoiding an appeal waiver, *Hahn* was specifically referring to "ineffective assistance of counsel *in connection with the negotiation of the appeal waiver* render[ing] the waiver invalid." 359 F.3d at 1327 (emphasis added and quotation omitted). *Hahn* did not hold that other claims of (pre-plea) ineffective assistance would have any effect on an appeal waiver.

Not only is defendant's objection about trial counsel's performance insufficient to open the *Hahn* door for this appeal in general, the objection would itself appear to be encompassed within his broad waiver of "any matter in connection with this prosecution, conviction and sentence." Plea Agreement at 5. Indeed, because a guilty plea waives all nonjurisdictional errors, including constitutional violations earlier in the proceedings, *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003), the objection may well have been waived by

---

[2] Defendant broadly suspects that his attorney "was on the U.S. Attorney's side," but he gives little in the way of specifics. July 16, 2006, response of defendant at 2. We are told only that "every time [he] asked [his] lawyer for any information [his lawyer] always denied it." *Id.*

the plea itself. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (noting voluntary plea waives all claims of ineffective assistance except those rendering plea invalid); *cf. United States v. Porter*, 405 F.3d 1136, 1141 (10th Cir.) (noting guilty plea would waive denial of defendant's motion for substitute counsel made prior to entry of plea), *cert. denied*, 126 S. Ct. 550 (2005). In any event, to the extent the objection itself survives both potential waivers, it would not be a basis for appeal here but, rather, for a possible motion for collateral relief under 28 U.S.C. § 2255. *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005).

Finally, defendant objects, without elaboration, that "[his] sentence wasn't right." July 31, 2006, response of defendant at 2; *see also* July 16, 2006, response of defendant at 2 (stating "120 months is a long time in prison for something [he] never d[id]"). Because defendant's sentence did not "depart[] upwards from the applicable sentencing guideline range determined by the court," Plea Agreement at 6, this objection also plainly falls within the scope of his appeal waiver.

Having reviewed the pertinent materials, we find nothing to except this case from the consequences of the broad appeal waiver included in defendant's plea agreement. The government's motion to enforce the waiver is GRANTED

and the appeal is DISMISSED.  Counsel's motion for leave to withdraw is GRANTED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM