**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN QUINTANA-NAVARETTE,

      Defendant-Appellant.

No. 08-3200
(D.C. Nos. 2:05-CR-20077-JWL-3 and
2:07-CV-02580-JWL)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **MCKAY,** and **GORSUCH**, Circuit Judges.

Juan Carlos Quintana-Navarette, a federal prisoner proceeding *pro se*, seeks to challenge his imprisonment in a 28 U.S.C. § 2255 habeas petition. The district court dismissed the petition as time-barred. Mr. Quintana-Navarette did not directly appeal this decision but instead filed two consecutive motions with the district court asking it to reconsider or amend its initial decision. Both motions were construed as Fed. R. Civ. P. Rule 60(b) motions and denied. He now seeks before us a certificate of appealability ("COA") to appeal the district court's denial of his Rule 60(b) motions.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

\*\*\*

On January 5, 2006, Mr. Quintana-Navarette pleaded guilty to one count of conspiring to distribute or possess with intent to distribute over 1000 kilograms of marijuana in violation of 21 U.S.C. § 846. As part of his plea agreement, Mr. Quintana-Navarette waived the right to appeal or collaterally attack any sentence within the applicable sentencing guideline range. After the court sentenced him to a term of imprisonment of 120 months, a term that represented the low end of the applicable guideline range, Mr. Quintana-Navarette appealed. We dismissed the appeal on the basis of his waiver. *See United States v. Quintana-Navarette*, 2006 WL 2411463 (10th Cir. Aug. 22, 2006).

In December, 2007, petitioner filed a Section 2255 petition, alleging among other things that he received ineffective assistance of counsel. Petitioner declared under penalty of perjury that he placed the petition in the prison mailing system on November 23, 2007. The district court dismissed the petition. The court explained that the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") started running the day after which Mr. Quintana-Navarette could no longer seek Supreme Court review – November 21, 2006. Because he failed to file within one year of that date and because the court found no basis for equitable tolling, the petition was time-barred.

Mr. Quintana-Navarette did not appeal the district court's decision. Instead, he filed a motion to alter or amend the judgment – a motion that is treated as a Rule 60(b) motion in this case because it was filed more than ten days after the judgment sought to be altered. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). In that motion, Mr. Quintana-Navarette argued that the district court had calculated the limitations period incorrectly and that his November 23, 2007, filing met the one-year statute of limitations. The district court denied that motion on June 5, 2008, explaining that Mr. Quintana-Navarette's calculations were incorrect. Nearly two weeks later, Mr. Quintana-Navarette filed another Rule 60(b) motion. In this motion, he conceded that his § 2255 petition was filed after the limitations period had lapsed, but argued that the district court should reopen the judgment because he was entitled to equitable tolling. The district court summarily denied this second motion in a docket entry on June 21, 2008.

Mr. Quintana-Navarette now seeks a COA from this court to appeal the district court's denial of his motions to alter the judgment.[1] It is safe to assume

---

[1] Mr. Quintana-Navarette rightly does not seek appellate review of the district court's initial dismissal of his Section 2255 petition. Such review is not available to him because he did not file a notice of appeal within 60 days of the district court judgment as required by Fed. R. App. P. 4(a). *See United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). His failure to timely appeal the denial of the Section 2255 petition does not, however, preclude him from seeking review of the denial of his Rule 60(b) motion as he filed a notice of appeal within 60 days of the district court's dismissal of that motion.

that Mr. Quintana-Navarette asks us to review the district court's denial of his second Rule 60(b) motion as his principal argument on appeal is based on equitable tolling – a ground he did not present in his first Rule 60(b) motion. We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a habeas plaintiff must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Moreover, where, as in this case, the district court dismissed a habeas petition on procedural grounds, a COA should only be issued if the prisoner shows that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.*

Layered on top of the *Slack* inquiry are other standards of review that stand as significant hurdles to Mr. Quintana-Navarette's obtaining a COA. *See Fleming v. Evans*, 481 F.3d 1249, 1254-55 (10th Cir. 2007) (applying *Slack* test in conjunction with appropriate standard of review). First, denials of Rule 60(b) motions are reviewed only for abuse of discretion. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). Moreover, Mr. Quintana-Navarette's basis for why the district court should have reconsidered its earlier dismissal is his contention that the statute of limitations should have been equitably tolled,

and this court has held that AEDPA is only subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Accordingly, we can only grant COA in this case if we find that it is debatable whether the district court abused its discretion by denying a motion to reopen the judgment on the basis of a legal claim that is only available in "rare and exceptional circumstances." This is a difficult hurdle to overcome, and we find that Mr. Quintana-Navarette cannot do so.

Mr. Quintana-Navarette makes two related arguments why the AEDPA period of limitation should have been equitably tolled in his case. First, he submits that he was without access to his legal materials from June 30, 2005, until October 23, 2007, and, as a result, he did not have enough time with his legal file to prepare his petition. Second, he argues that he never received a copy of the Tenth Circuit opinion that listed the date upon which judgment was entered and, consequently, the date upon which statute of limitations calculations would be based. Without that opinion, Mr. Quintana-Navarette claims that he had only a docket report which suggested this court resolved his direct appeal on August 24, 2006 rather than the actual date of August 22, 2006. He argues that these are "extraordinary circumstances" deserving of equitable tolling.

We are constrained to disagree. The law in this circuit is clear that "a claim of insufficient access to relevant law" alone is not sufficient to support equitable tolling. *See Gibson*, 232 F.3d at 808. Rather, the petitioner must

provide specificity regarding the lack of access and the "steps he took to diligently pursue his federal claims." *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Mr. Quintana-Navarette has failed to provide any specifics as to why he was unable to access his legal files or the Tenth Circuit opinion. Neither has he outlined any steps he took to attempt to receive those materials. Because he has failed to provide that information, under our governing precedents we are unable to afford to him the relief he seeks.

***

Mr. Quintana-Navarette's request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge