FILED
United States Court of Appeals
Tenth Circuit

May 12, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

MICHAEL A. SARBER,

       Defendant - Appellant.

No. 16-3039
(D.C. No. 6:05-CR-10137-JTM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Michael A. Sarber pled guilty to one count of possession with intent to distribute more than five grams of methamphetamine in violation of 21 U.S.C. § 841(a). In his plea agreement, Mr. Sarber waived the right to appeal or collaterally attack his sentence, provided it was within the applicable sentencing guideline range. The district court sentenced him to 188 months in prison, which was at the low end of that range, followed by four years of supervised release.

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Undeterred by the waiver, Mr. Sarber has filed a direct appeal, two habeas petitions, four motions in district court asking the district court to order his federal sentence to run concurrently with a 54-month sentence that was imposed earlier in a Wisconsin case, and, most recently, this appeal from the district court's denial of his last motion requesting concurrent sentences. The government has moved to enforce the waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), which sets out the conditions for enforcing appeal waivers, *id.* at 1325. Mr. Sarber did not respond to the government's motion, despite court orders asking him to do so and extending the deadline. We grant the motion and dismiss the appeal.

We have already enforced the waiver once to dismiss Mr. Sarber's direct appeal. *See United States v. Sarber*, 196 F. App'x 673, 676 (10th Cir. 2006). There, we outlined the terms of the plea agreement in detail, analyzed the waiver, and determined the *Hahn* conditions were satisfied—a point Mr. Sarber has never contested. *Id.* at 674-76. We also noted that the plea agreement "clearly set out the maximum sentence defendant faced and explained the appellate rights he relinquished in exchange for the benefits offered by the government" and that Mr. Sarber's sentence complies with both the agreement's terms and his understanding as expressed at the plea hearing. *Id.* at 675-76.

Mr. Sarber now asserts a different sentencing error—namely, that his federal and state sentences should run concurrently because the government agreed in the plea agreement to make such a recommendation. Our reasoning in *Sarber* applies

- 2 -

equally here.  The waiver is valid,[1] and this appeal falls within its scope.  *See United States v. Belcher*, No. 15-3208, 2016 WL 722706, at \*2 (10th Cir. Feb. 24, 2016) ("[W]e have consistently found [challenges to a district court's decision to run federal sentences consecutively to previously imposed state sentences] to be covered by general appeal waivers that did not include language specifically addressing the consecutive/concurrent nature of the sentence imposed vis à vis a prior state sentence."); *cf. Hahn*, 359 F.3d at 1328 (enforcing a general appeal waiver to dismiss a challenge to the district court's decision not to impose a concurrent sentence where the defendant had a prior federal sentence).

For these reasons, we grant the government's motion to enforce and dismiss the appeal.  Mr. Sarber's motion to proceed without prepayment of costs or fees is granted.  Nevertheless, he is required to pay all filing and docketing fees.  Only prepayment of fees is waived, not the fees themselves.  28 U.S.C. § 1915(a)(1).  Payment shall be made to the Clerk of the District Court.

> Entered for the Court
> Per Curiam

---

[1] In *Sarber*, we did envision some errors that "could undercut an appeal waiver in a non-circular way," such as a sentence that "deviates from the plea agreement's terms or the defendant's expressed understanding at the time of his plea." *Id.* at 675 n.2.  But the alleged error is not of this type.  Mr. Sarber was well aware the court could deviate from the parties' agreement because the plea agreement explicitly stated that "[t]he parties understand this agreement binds the parties only and does not bind the Court." R. Vol. 1 at 55.  Likewise, he expressed his understanding that the district judge had the sole right to determine what sentence to impose, so long as it did not exceed the 40-year maximum.  His sentence is not contrary to the plea agreement.