**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LENARD TARKINGTON,

Defendant-Appellant.

No. 07-3157
(D.C. No. 03-CR-40133-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Defendant Lenard Tarkington pleaded guilty, pursuant to a plea agreement, to three counts of an indictment: armed bank robbery (Count 1), conspiracy to commit armed robbery (Count 3), and using and brandishing a firearm during and in relation to a federal crime of violence (Count 4). The district court sentenced Mr. Tarkington to a total of 191 months' imprisonment, followed by three years'

---

[*]  This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release.  This sentence was below the statutory maximum for each of the crimes for which Mr. Tarkington was convicted, and was within the advisory guideline range determined by the district court.  Mr. Tarkington "knowingly and voluntarily" agreed in his plea agreement to waive his right to appeal his sentence if it was "within the guideline range determined appropriate by the court."  Mot. to Enforce, Ex. 2 (Plea Agrmt.) at 10.  Nevertheless, Mr. Tarkington filed a notice of appeal, seeking to challenge his sentence.  The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  We grant the government's motion and dismiss the appeal.

In *Hahn*, 359 F.3d at 1325, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful."  *Id.* at 1327 (quotations omitted).

Mr. Tarkington contends that enforcing the appeal waiver in his plea agreement would result in a miscarriage of justice. The district court ordered his federal sentence to run consecutively to an Oklahoma state sentence imposed on him. He claims this is a miscarriage of justice, because, "as per the plea agreement," his federal sentence was to run concurrently with his state sentence. Resp. to Mot. to Enforce at 2. He further claims his sentence is a miscarriage of justice because the district court erred in evaluating the proportionality of his sentence relative to his co-defendants under the sentencing guidelines.

Mr. Tarkington's suggestion that the consecutive sentence is contrary to the plea agreement is without merit. The government agreed in the plea agreement that it would have "no objection" to running the sentences for Counts 1 and 3 concurrently with the state sentence, although 18 U.S.C. § 924(c)(1) mandates that any sentence for Count 4 be served consecutively to any other criminal sentence. Plea Agrmt. at 6. Mr. Tarkington agreed in the plea agreement, however, that the sentence would be determined solely by the district court, and that the United States had made no promise or representation as to what sentence he would receive. Further, at the Fed. R. Crim P. 11 plea colloquy, Mr. Tarkington stated under oath that he did understand that the district court was not bound by any of the government's recommendations in the plea agreement, that the court could impose any sentence up to twenty-five years for Count 1, five years for Count 3, and life imprisonment for Count 4, and that the court could

order all of his sentences to be served consecutively.  Mot. to Enforce, Ex. 3 (Plea Colloquy) at 6, 17-18.

In short, the plea agreement did not obligate the district court to impose any federal sentence concurrent with Mr. Tarkington's state sentence, and Mr. Tarkington knew this when he waived his appellate rights.  Further, this court has repeatedly held that alleged sentencing errors, such as Mr. Tarkington's consecutive-sentence and disproportion-sentence claims of error, do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry.  *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful . . . .").

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM