**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADRIAN GUZMAN, a/k/a Pato,

Defendant-Appellant.

No. 09-3221
(D.C. No. 6:08-CR-10106-JTM-5)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

Defendant Adrian Guzman pleaded guilty to two counts of distributing

cocaine HCL, in violation of 21 U.S.C. § 841(a), (b)(1)(C) and 18 U.S.C. § 2.

Under the terms of his plea agreement, defendant waived his right "to appeal or

collaterally attack any matter in connection with [his] prosecution, . . . conviction,

or the components of the sentence to be imposed." Mot. to Enforce, Attach. A

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

(Plea Agreement) at 6.  Despite this waiver, Mr. Guzman has now filed an appeal, prompting the government to seek to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

At the plea hearing, the district court reviewed the plea agreement with Mr. Guzman, including his agreement to waive his right to appeal his conviction and sentence.  At sentencing, the district court determined the applicable sentencing range to be 70 to 87 months.  It sentenced Mr. Guzman to 70 months' imprisonment on each of the two counts, to run concurrently, followed by three years of supervised release.  This sentence was at the low end of the advisory guideline range and well below the statutory maximum sentence of twenty years' imprisonment for each count.

After sentencing, Mr. Guzman filed a motion for clarification asking the district court to clarify whether it intended the federal sentence to run consecutively to or concurrently with a state sentence he was then serving.  The federal sentence imposed on Mr. Guzman made no reference to a state sentence he was then serving, and did not specify whether it was to run concurrent with or consecutive to the state sentence.  The district court denied the motion for clarification.  It ruled that by operation of law, under 18 U.S.C. § 3584(a), the federal sentence runs consecutively to, not concurrently with, the state sentence because the court had not affirmatively specified otherwise.  Section 3584(a)

states in relevant part that, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *See also United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir.), *cert. denied*, 129 S. Ct. 430 (2008) (concluding, where federal court did not affirmatively order sentence to run concurrently with state sentence, that the execution of consecutive sentences was lawful); *United States v. Williams*, 46 F.3d 57, 58-59 (10th Cir. 1995) (holding that "[w]hether to impose a consecutive or concurrent sentence is a matter within the discretion of the district court," but under § 3584(a), "multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently").

Mr. Guzman seeks to appeal the fact that his federal sentence will run consecutively to his state sentence, arguing that the court erred when it neglected to specify whether the federal sentence was to run concurrent with or consecutive to his state sentence. Under *Hahn*, we have adopted a three-prong analysis for determining whether an appellate waiver is enforceable. We examine whether: (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would result in a miscarriage of justice. 359 F.3d at 1325.

Mr. Guzman first argues that his proposed appeal is outside the scope of his appeal waiver. He contends that he waived his right to appeal the length of his sentence, but not his right to have the law properly applied at sentencing.

Under the terms of his plea agreement, Mr. Guzman waived the right to appeal the components of the sentence imposed by the district court and, more specifically, waived the right to appeal any "sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." Plea Agreement at 6. As noted, the court did not depart upwards from the advisory Guidelines. In his plea agreement and at his plea colloquy, Mr. Guzman expressly stated that he understood and agreed that his sentence would be determined solely by the district court. *Id*. at 4; Mot. to Enforce, Attach. B (Plea Hrg. Tr. at 14-16). His proposed appeal clearly seeks to challenge the sentence imposed by the district court.

In support of his argument that his appeal is outside the scope of his appeal waiver, Mr. Guzman notes that at the hearing on his motion for clarification, the district court commented that the question of whether it could reopen sentencing to consider in the first instance whether or not to run the federal sentence concurrent with a state sentence would be "a neat issue to take up to the circuit [court] and let them look at." R. Vol. II, at 33. The court's comment does not alter the appeal-waiver analysis. "[A] sentencing court's statements made *after* the entry of the appeal waiver and the district court's acceptance of the guilty plea

-4-

cannot overcome the plain language of the appeal waiver to create ambiguity where none exists in the written plea agreement." *United States v. Wilken*, 498 F.3d 1160, 1167 (10th Cir. 2007) (quotations omitted). Mr. Guzman's desire to appeal the fact that his sentence will, by operation of law, run consecutive to his state sentence is simply a challenge to his sentence and to a component thereof. Thus, his appeal falls within the waiver's scope. *See United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008).

Mr. Guzman next argues he did not knowingly and voluntarily waive his reasonable expectation that the sentencing court would appropriately apply federal law. To the contrary, we have held that an appellate waiver is enforceable even though a defendant did not know exactly how the waiver might apply. *See Hahn*, 359 F.3d at 1326 (rejecting the argument that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence"). When Mr. Guzman waived his right to appeal, he may not have known with specificity what claims of error, if any, he was foregoing. Nonetheless, this fact does not render his appeal waiver unknowing or involuntary. *Id*.

Next, Mr. Guzman contends that it would be a miscarriage of justice to enforce his appeal waiver. Under the third *Hahn* prong, a miscarriage of justice occurs in situations where: (1) the district court relied on an impermissible factor

such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful.  *Id*. at 1327.  This list is exclusive, and an appellate waiver will not result in a miscarriage of justice unless one of these four situations occurs.  *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008).

Mr. Guzman argues that the district court's alleged misapplication of federal law should be construed as equivalent to reliance on an impermissible factor such as race.  He does not identify any such impermissible factor, and we find no merit in this contention.

He next asserts that his counsel did not inform him of the consequences of the appeal waiver.  We decline to reach the merits of this challenge because such a claim must be raised by motion under 28 U.S.C. § 2255 rather than by direct appeal, and "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."  *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (citing *Hahn*, 359 F.3d at 1327 n.13).  Mr. Guzman's plea agreement also waived collateral review, but that waiver does not bar an ineffective-assistance claim relating to negotiations leading to the waiver itself.  *See United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001); *see also* Plea Agreement at 6 (permitting him to file

§ 2255 ineffective-assistance-of-counsel challenge, in accordance with *Cockerham*).

Finally, Mr. Guzman contends enforcement of the appeal waiver is otherwise unlawful. In considering whether an appeal waiver is "otherwise unlawful," we look only "to whether the *waiver* [itself] is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *Shockey*, 538 F.3d at 1357 (emphasis in original, quotation omitted). "An appeal waiver is not "unlawful" merely because the claimed error would, in the absence of waiver, be appealable. To so hold would make a waiver an empty gesture." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). Mr. Guzman's miscarriage-of-justice argument is simply a claim of sentencing error, and this court has repeatedly held that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry. *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). Thus, it is not a miscarriage of justice to enforce the appeal waiver.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM