**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL RALPH LAMBERTI,

Defendant-Appellant.

No. 11-6106
(D.C. No. 5:10-CR-00098-HE-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant Michael Ralph Lamberti's plea agreement. We grant the government's motion and dismiss the appeal.

Mr. Lamberti pleaded guilty to uttering counterfeit securities in violation of 18 U.S.C. § 513(a). Pursuant to the plea agreement, Mr. Lamberti "knowingly

---

[*]   This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and voluntarily waive[d] his right to . . . [a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including, but not limited to," his right to appeal any pretrial rulings and "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence [wa]s within or below the advisory guideline range determined by the Court to apply to [his] case." Plea Agreement at 6. The district court determined that Mr. Lamberti's advisory guideline range was 120 months' imprisonment, which was the sentence it imposed.

Notwithstanding his appeal waiver, Mr. Lamberti has filed a notice of appeal. In his docketing statement, he states that he wishes to appeal the district court's denial of his request for a psychological examination, to assert ineffective assistance of counsel, and to raise other issues to be determined later. The government has filed this motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

We apply a three prong test to determine if an appeal waiver is enforceable, asking "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the

waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotation omitted).

Mr. Lamberti first contends that the docketing statement is not binding as to any issue he may wish to raise on appeal, and thus it is premature to enforce the waiver because he may ultimately raise issues that are outside the scope of his waiver. His argument is without merit. We have explained that one purpose of an appellate waiver is to save the government the cost of prosecuting an appeal. *See id.* at 1325. To declare the motion premature goes against that purpose, as well as Tenth Circuit Rules 27.2(A)(1)(d), 27.2(A)(3)(b), and 27.2(C), which permit the government to file a motion to enforce an appeal waiver within twenty days of the transmittal of the record, before the opening brief is due, thus suspending the appellate briefing schedule. *See also Hahn*, 359 F.3d at 1328 (ruling that the government is not required to brief an appeal until after its motion to enforce is ruled upon). Thus, the government's motion to enforce the appeal waiver does not prematurely seek to resolve this appeal. Counsel's failure to identify the issues on appeal does not make the government's motion to enforce premature.

Mr. Lamberti next contends that the district court deviated upward from the sentencing guidelines–and thus his appeal is outside the scope of his waiver–when it ordered his federal sentence to run consecutive to a state sentence. He contends

the district court was required to run the sentences concurrently under United States Sentencing Guideline § 5G1.3.  "Under 18 U.S.C. § 3584(a), a district court has the discretion to impose consecutive or concurrent sentences." *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006). "Section 5G1.3 is advisory, [and] not binding on, the way a district court exercises its § 3584 discretion."  *United States v. Campbell*, 617 F.3d 958, 961 (7th Cir. 2010).  Mr. Lamberti's argument is simply a challenge to the district court's calculation of his sentence, which he expressly waived in his appeal waiver.  To hold the appeal waiver does not encompass alleged sentencing errors "would nullify the waiver based on the very sort of claim it was intended to waive," *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007), and would ignore the concession in the plea agreement that the applicable guideline range is the one "determined by the Court to apply to this case," Plea Agreement at 6.

Finally, Mr. Lamberti argues he may wish to argue that his counsel was constitutionally ineffective in connection with the negotiation of his plea agreement and that this court cannot now evaluate whether it would be a miscarriage of justice to enforce the appeal waiver based upon the limited and inadequate record on appeal.  Mr. Lamberti did not waive his right to assert that his attorney provided ineffective assistance of counsel during the plea negotiations.  *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that a waiver of appellate rights "does not waive the right to bring

-4-

a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."). But as Mr. Lamberti acknowledges, ineffective assistance of counsel claims must ordinarily be raised on collateral review, not on direct appeal, and "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Based upon our review of the motion, the record and Mr. Lamberti's response, we conclude that his proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal. Appellant's motion for leave to file a supplemental authority in response to the motion to enforce the plea agreement is DENIED as moot.

ENTERED FOR THE COURT
PER CURIAM