FILED
United States Court of Appeals
Tenth Circuit

January 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN MUNOZ-RODRIGUEZ,

Defendant-Appellant.

No. 13-3242
(D.C. No. 2:12-CR-20066-KHV-JPO-11)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **MATHESON**, Circuit Judges.

After entering into a plea agreement that included a waiver of his right to appeal, Martin Munoz-Rodriguez pleaded guilty to conspiracy to manufacture, to possess with intent to distribute, and to distribute 280 grams or more of cocaine base, and to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1),

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and 841(b)(1)(A) and 18 U.S.C. § 2. The district court sentenced him to 168 months of imprisonment, at the low end of the advisory Guidelines range. When Mr. Munoz-Rodriguez appealed, the government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam). In response, citing *Anders v. California*, 386 U.S. 738 (1967), Mr. Munoz-Rodriguez's counsel asserted it would be frivolous to contest the motion to enforce. Mr. Munoz-Rodriguez has responded to his counsel's filing.

Under *Anders*, we must examine the proceedings and "decide whether the case is wholly frivolous." 386 U.S. at 744. *Hahn* sets forth three factors for determining whether an appeal waiver is enforceable: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325.

### *Scope of the Waiver*

The first *Hahn* factor is whether the issues on appeal fall within the scope of the waiver. *Id.* In his docketing statement, Mr. Munoz-Rodriguez indicates that he wishes to appeal the denial of his request for a two-level reduction for being a minor participant. In his pro se response, he asserts that his sentence was higher than the ten-year sentence contemplated by the plea agreement he reviewed with his counsel and that the court sentenced him based on a drug quantity much higher than the

quantity that he admitted, in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

The plea agreement provides:

> **11.** <u>**Waiver of Appeal and Collateral Attack.**</u> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack . . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Mot. to Enforce, Attach. C at 6-7. In addition, the agreement states:

> **4.** <u>**Application of the Sentencing Guidelines.**</u> The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. . . .

- 3 -

**5.   Relevant Conduct.**  The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

*Id.* at 3-4.

The issues sought to be raised fall within these waiver provisions.  And the exceptions to the appeal waiver do not apply.  Mr. Munoz-Rodriguez was sentenced within the Guidelines range determined appropriate by the district court, and the United States has not appealed from the sentence.  The first *Hahn* factor is satisfied.[1]

### *Knowing and Voluntary*

The second factor is whether the waiver was knowing and voluntary.  *Hahn*, 359 F.3d at 1325.  In evaluating this factor, "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy."  *Id.*  "The defendant bears the burden to prove that he did not knowingly and voluntarily enter into his plea agreement."  *United States v. Anderson*, 374 F.3d 955, 958 (10th Cir. 2004) (internal quotation marks omitted).

---

[1]   Mr. Munoz-Rodriguez asserts that the alleged *Alleyne* violation is jurisdictional and cannot be waived.  We disagree.  *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and "nothing prevents a defendant from waiving his *Apprendi* rights," *Blakely v. Washington*, 542 U.S. 296, 310 (2004).

- 4 -

The plea agreement's waiver paragraph provides that the waiver is knowing and voluntary. In addition, just before the signature block, the plea agreement states that "it is true and accurate and not the result of any threats, duress or coercion," and that "[t]he defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily." Mot. to Enforce, Attach. C at 9.

At the plea colloquy, the court informed Mr. Munoz-Rodriguez that one of the purposes of the hearing was "to determine . . . that you're pleading guilty to that charge freely and voluntarily and not the result of any force or threats against you nor the result of any promises made to you except those contained in your written Plea Agreement with the government." *Id.*, Attach. A at 5. The court reviewed the right to an appeal, and it addressed the appeal waiver and confirmed that Mr. Munoz-Rodriguez had discussed the waiver with counsel and understood it. The court confirmed that he was not under the influence of any substance that could affect his judgment, that he was pleading guilty freely and voluntarily, that his plea agreement reflected the entirety of his agreement with the government, and that his counsel had not coerced or forced him to plead guilty.

Mr. Munoz-Rodriguez asserts that the plea agreement that his counsel presented to him and that he accepted included a sentence of approximately ten years. The record evidence, however, does not support the premise that he was unaware of his sentencing exposure, making his plea unknowing and involuntary. The plea

agreement that he signed states that the statutory range for the offense of conviction is a minimum of ten years to a maximum of life imprisonment. And it specifically provides that "[t]he defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive." *Id.*, Attach. C at 5.

Even assuming that these provisions were not in the plea agreement that Mr. Munoz-Rodriguez reviewed, during the plea colloquy the court thoroughly reviewed sentencing issues. It stated the minimum and maximum sentences.[2] It discussed the Guidelines and asked Mr. Munoz-Rodriguez whether he understood that defense counsel "is giving you the benefit of his professional judgment and experience instead of giving you absolute guarantee as to actually what's going to happen." *Id.*, Attach. A at 17-18. "Do you understand his estimate, even if made in good faith, might be inaccurate and you might receive ultimately the life sentence called for by the statute?" *Id.* at 18. The court stated that until a presentence report was prepared and any disputed issues resolved, "there's no way for anybody, whether it be [defense counsel] or anybody else, to know what your actual sentence will be." *Id.* It discussed the various factors that go into sentencing and the fact of the court's

---

[2]     Mr. Munoz-Rodriguez states that the district court "failed to insure that [he] was aware of the direct consequences of the decision to accept the plea, including the maximum penalty to which [he] would be exposed." Pro Se Resp. at 3. This assertion is belied by the transcript of the plea colloquy.

discretion, again cautioning that "all the various factors I've mentioned taken together in some combination or even standing alone could have a big effect on the length of the sentence that you ultimately receive." *Id.* at 20. Finally, the court warned him that the sentencing judge "may impose a more severe sentence despite whatever is in this agreement," *id.* at 21, and that he would have no ability to withdraw his plea in that event. Caution after caution, Mr. Munoz-Rodriguez repeatedly acknowledged his understanding. At no time during the colloquy did he state any belief that his plea agreement provided for a ten-year sentence.

In light of the record before us, we conclude that Mr. Munoz-Rodriguez has not satisfied his burden of showing that he did not enter into the plea agreement knowingly and voluntarily. To the extent that he is dissatisfied with his counsel's performance in the negotiation of the plea agreement, he must pursue such claims in a collateral proceeding under 28 U.S.C. § 2255.

### *Miscarriage of Justice*

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Under *Hahn*, a miscarriage of justice is established only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). The record before us does not indicate that any

of these circumstances occurred, so we cannot conclude that enforcing the waiver would result in a miscarriage of justice. Again, to the extent that Mr. Munoz-Rodriguez is dissatisfied with his counsel's performance in the negotiation of the plea agreement, he must pursue such claims in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (applying the general rule that ineffective-assistance claims should be pursued in a collateral proceeding even where a defendant seeks to invalidate an appeal waiver based on counsel's performance).

Because it is "wholly frivolous" for Mr. Munoz-Rodriguez to oppose the motion to enforce, *Anders*, 386 U.S. at 744, the motion to enforce is granted. The appeal is dismissed.

Entered for the Court
Per Curiam