FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

LUIS OMAR CORONADO-PUENTE,

        Defendant - Appellant.

No. 13-6222
(D.C. No. 5:12-CR-00247-R-2)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **TYMKOVICH** and **MATHESON**, Circuit Judges.

Luis Omar Coronado-Puente accepted a plea agreement and pleaded guilty to

two counts of using a communication facility to facilitate distribution of

methamphetamine, in violation of 21 U.S.C. § 843(b).  The maximum term of

imprisonment for a violation of § 843(b) is four years (i.e., 48 months).  21 U.S.C.

§ 843(d)(1).  The advisory Guidelines range was 135 to 168 months of imprisonment,

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which exceeded the statutory maximum. Therefore, the Guidelines range became the statutory maximum of 48 months for each count, for a total of 96 months. The district court sentenced Mr. Puente to 84 months of imprisonment (42 months on each count, to be served consecutively).

Mr. Puente's plea agreement contains a waiver of his right to appeal. Nevertheless, he appealed from his sentence. The government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam). In response, citing *Anders v. California*, 386 U.S. 738 (1967), Mr. Puente's counsel asserted it would be frivolous to contest the motion to enforce and moved to withdraw. Mr. Puente has responded.

Under *Anders*, we must examine the proceedings and "decide whether the case is wholly frivolous." *Id.* at 744. *Hahn* sets forth three factors for determining whether an appeal waiver is enforceable: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325.

### *Scope of the Waiver*

The first factor is whether the issues on appeal fall within the scope of the waiver. *Id.* In his docketing statement, Mr. Puente states one issue for appeal: "Did the Court err in sentencing Defendant to a total of 84 months." Dktg. Stat. at 4. His pro se response also indicates that he wishes to appeal the length of his sentence.

The plea agreement provides:

### <u>Waiver of Right to Appeal and Bring Collateral Challenge</u>

8.      Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:

      a.      Appeal . . . his guilty plea, sentence and restitution imposed, and any other aspect of his conviction . . .

      b.      Appeal . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the [sentencing] positions of the United States or defendant set forth in paragraph 7.

      c.      It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Mot. to Enforce, Attach. 1 at 8-9.

Because Mr. Puente seeks to challenge his sentence and the manner in which it was imposed, his proposed issues fall within the scope of the waiver. And the exception to the waiver for an above-Guidelines sentence does not apply; Mr. Puente was sentenced below the Guidelines range determined appropriate by the district court. The first *Hahn* factor is satisfied.

## *Knowing and Voluntary*

The second factor is whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. In evaluating this factor, "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id*. Mr. Puente "has the burden to present evidence from the record establishing that he did not understand the waiver. A mere silent record does not satisfy this burden." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003) (citation omitted).

The waiver paragraph of the plea agreement states that the appeal waiver is knowing and voluntary. The agreement's final paragraph also states that Mr. Puente has discussed the terms with his attorney and understands them, and that "this document contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms." Mot. to Enforce, Attach. 1 at 13-14.

During the plea colloquy, the prosecutor described the charges and the maximum punishment. The court described the rights that Mr. Puente would be giving up by pleading guilty, and asked him if he made his plea freely and voluntarily, without coercion, threats, or promises of leniency. Mr. Puente answered that the plea was voluntary, and denied coercion, threats, and promises of leniency. The court also addressed the appeal waiver, stating that Mr. Puente would be

- 4 -

forgoing his right to appeal with limited exceptions and asking him if he had any questions about the waiver. Mr. Puente said that he had no questions.

Before this court, Mr. Puente indicates that his attorney did not assist him and he does not know why his sentences were consecutive. But Mr. Puente points to nothing in the record that would support the inference that he did not knowingly and voluntarily accept the plea agreement and the appeal waiver. Even assuming that he was not fully aware of the terms of the written plea agreement, which was in English, he was assisted by an interpreter at the plea colloquy. Later, when given a chance to address the court at sentencing, he said nothing about any expectations regarding a sentence or any promises by his counsel to induce him to enter his plea. And he said nothing when the court sentenced him to a total of 84 months of imprisonment.

In light of the record before us, we conclude that Mr. Puente has not satisfied his burden of showing that he did not enter into the plea agreement knowingly and voluntarily. To the extent that he is dissatisfied with his counsel's performance in the negotiation of the plea agreement, he must pursue such claims in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (applying the general rule that ineffective-assistance claims should be pursued in a collateral proceeding even where a defendant seeks to invalidate an appeal waiver based on counsel's performance); *Hahn*, 359 F.3d at 1327 n.13 (stating that nothing in the decision disturbed the "longstanding rule" that ineffective-assistance claims must generally be brought in a collateral proceeding).

### *Miscarriage of Justice*

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Under *Hahn*, a miscarriage of justice is established only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). The record does not indicate that any of these circumstances occurred, so we cannot conclude that enforcing the waiver would result in a miscarriage of justice. Again, to the extent that Mr. Puente is dissatisfied with his counsel's performance in the negotiation of the plea agreement, he must pursue such claims in a collateral proceeding under 28 U.S.C. § 2255.

Because it is "wholly frivolous" for Mr. Puente to oppose the motion to enforce on the current record, *Anders*, 386 U.S. at 744, the motion to enforce is granted. Counsel's motion to withdraw is granted. The appeal is dismissed.

Entered for the Court
Per Curiam