**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RAMON CHAVEZ, SR.,

      Defendant - Appellant.

No. 14-3173
(D.C. No. 2:12-CR-20039-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

After entering into a plea agreement that included an appeal waiver, Ramon

Chavez, Sr. pleaded guilty to one count of selling firearms without a license. He was

sentenced to 60 months' imprisonment. Despite the appeal waiver, Mr. Chavez has

filed a notice of appeal in which he identifies a single issue: "Mr. Chavez wishes to

challenge his conviction and sentence in this case, based on the ineffective assistance

of his counsel." Dktg. Stmt. at 4. The government has moved to enforce the appeal

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In evaluating a motion to enforce a waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

In his counseled response opposing the motion to enforce, Mr. Chavez asserts several arguments, all of which lack merit. First, he argues that the government's "motion is not ripe for hearing." Resp. at 1. Setting aside the lack of any legal authority to support this argument, we routinely resolve motions to enforce on the basis of the issues identified in the Docketing Statement. Otherwise, the government would be put to the task of briefing and thus denied the benefits of the plea agreement.

Mr. Chavez's second argument concerns the scope of the waiver, in which he maintains that the plea agreement is not as well drafted as it could be and cautions that "[t]he Government would be well advised to adopt a drafting method that is used commonly among the most experienced transactional drafters; numbered sub-paragraphs and true prefatory statements of law." *Id*. at 6. Mr. Chavez then lays out his proposed version of a better-drafted agreement. Without deciding whose draft is clearer, the relevant point is that the plea agreement is not ambiguous.

Next, there is no factual basis to support Mr. Chavez's statement that the waiver was not knowing and voluntary because he does not understand English. Setting aside the fact that an interpreter was available at all times during the plea hearing and Mr. Chavez declined the court's offer to use those services, his own lawyer stated that Mr. Chavez "speaks and understands [English]." Plea Hr'g Tr. at 15. Nonetheless, Mr. Chavez presses the issue by interpreting the facts to mean that his "comprehension of even 'common' English was in doubt," and the court was therefore required to "order that the translator be used in order to fully ensure that the defendant understood the proceedings against him and the substance of his waiver in the plea agreement." Resp. at 9-10. This argument also lacks any legal support.

In its motion to enforce the appeal waiver, the government argues that Mr. Chavez cannot circumvent the waiver by raising an ineffective assistance of counsel claim that is properly raised on collateral review. As we explained in *United States v. Galloway*, 56 F.3d 1239, 1249 (10th Cir. 1995) (en banc), "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all with be dismissed." As such, we address ineffective assistance claims on direct appeal only under a narrow set of circumstances, such as when the ineffective assistance claim is "fully developed on the record." *United States v. Hamilton*, 510 F.3d 1209, 1213 (10th Cir. 2007) (quotations omitted). Although the

waiver excludes claims of ineffective assistance of counsel, Mr. Chavez did not reserve the right to raise such claims *on direct appeal*.

Nonetheless, and apropos to what we interpret as the miscarriage of justice factor, Mr. Chavez cites a line of cases that acknowledge the existence of extraordinary circumstances that may allow a direct appeal of ineffective assistance of counsel claims. The irrelevance of the exception, however, is obvious in light of Mr. Chavez's failure to cite any extraordinary circumstances. Instead, he circles back to his "ripeness" argument and states that "[u]nless the Government can read [his] mind, it has absolutely no idea what the basis—factual or legal—may be for appealing on the grounds of ineffective assistance and so the Government has absolutely no factual basis in which to root an argument that there are no 'extraordinary circumstances' lending themselves to a direct appeal." Resp. at 12. But it is Mr. Chavez's burden, not the government's, to demonstrate extraordinary circumstances to justify a direct appeal of ineffective assistance of counsel claims. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (recognizing that it is the defendant's burden to demonstrate a reason to depart from the general practice that a defendant must generally raise claims of ineffective assistance counsel on collateral review).

Last, Mr. Chavez maintains that enforcement of the plea agreement will result in a miscarriage of justice because he has no remedy to pursue his ineffective assistance of counsel claims. As explained above, this is incorrect.

The motion to enforce is granted, and this appeal is dismissed.

Entered for the Court
Per Curiam