FILED
United States Court of Appeals
Tenth Circuit

June 22, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTURO MARTINEZ, a/k/a Tray Crip,

Defendant - Appellant.

No. 15-1092
(D.C. No. 1:13-CR-00159-WJM-11)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **MATHESON**, Circuit Judges.

This matter is before the court on the government's motion to dismiss

defendant Arturo Martinez's appeal because it falls within the scope of the appeal

waiver contained in his Plea Agreement. We grant the government's motion and

dismiss the appeal.

The defendant pleaded guilty to one count of conspiracy to distribute and

possess with the intent to distribute one or more of the following: (1) 280 grams or

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), and/or (2) 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and (b)(1)(B)(ii)(II) and 846. The Plea Agreement stated that the mandatory minimum sentence for this offense is 120 months' imprisonment. It also provided that "[t]he parties agree that the defendant's relevant conduct including that which was reasonably foreseeable to him, was at least 280 grams of cocaine base but less than 840 grams of cocaine base." Mot. to Enforce, Attach. 1 at 8-9. The district court sentenced the defendant to the mandatory minimum of 120 months' imprisonment and imposed a term of supervised release with specified conditions.

In the Plea Agreement, the defendant "knowingly and voluntarily" waived his right to appeal

> any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than 32 and imposes a sentence based upon that offense level determination.

*Id.* at 4. The defendant also "knowingly and voluntarily" waived his "right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742." *Id.* He nonetheless filed a notice of appeal. In his docketing statement he indicates his intent to challenge the length of his sentence and certain conditions of supervised release imposed by the district court.

The government filed a motion to enforce the appeal waiver in the defendant's Plea Agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response, the defendant does not argue that his appeal falls outside the scope of the appeal waiver or that his waiver was not knowing and voluntary. We therefore need not address these issues. *United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). Rather, the defendant contends that enforcement of his waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d 1325.

We will find that enforcement of an appeal waiver results in a miscarriage of justice only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327. "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (internal quotation marks omitted).

- 3 -

The defendant argues his waiver is "otherwise unlawful" because the district court's sentencing errors "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327. (internal quotation mark, alteration, and brackets omitted). He acknowledges that he has the burden to demonstrate that enforcement of his appeal waiver would result in a miscarriage of justice. *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

In support of his contention, the defendant sets forth his claims of sentencing error, then asserts without further analysis that these errors affect the fairness, integrity, and public reputation of the judicial proceeding. The defendant's argument fails for at least two reasons. First, his bald assertion that the district court's errors result in a miscarriage of justice is insufficiently developed to invoke our review. Second, his contention fundamentally misunderstands "what must be 'unlawful' for a waiver to result in a miscarriage of justice." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007).

> Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible. An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable. To so hold would make a waiver an empty gesture.

*Id.* (citation omitted). "The whole point of a waiver . . . is the relinquishment of claims *regardless* of their merit." *Id.* (internal quotation marks omitted).

Having failed to challenge the lawfulness of his appeal waiver, the defendant has not met his burden to demonstrate a miscarriage of justice. Accordingly, we grant the government's motion to dismiss this appeal.[1]

Entered for the Court
Per Curiam

---

[1] We have considered the supplemental authority tendered by Appellant and concluded it does not change our analysis.