FILED
United States Court of Appeals
Tenth Circuit

February 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AARON M. BELCHER,

    Defendant - Appellant.

No. 15-3208
(D.C. No. 6:13-CR-10009-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **HOLMES**, Circuit Judges.
_____

Facing charges of being a felon in possession of a firearm and a felon in possession of ammunition, defendant-appellant Aaron M. Belcher pled guilty to the latter offense. In his plea agreement he waived "any right . . . to appeal any matter in connection with this prosecution" including "the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upward from the sentencing Guideline range." R. Vol. I at 20-21. This otherwise broad waiver of appellate rights also included exceptions for "claims with regards to ineffective

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

assistance of counsel or prosecutorial misconduct." *Id.* at 21. The district court imposed a sentence within the guideline range, to run consecutively to a previously imposed state sentence. Mr. Belcher then filed this appeal, listing one issue in his docketing statement: "Whether the court incorrectly denied [his] objection to the base level offense of 20 based on a prior controlled substance offense when the supreme court of Kansas issued a ruling that changed the interpretation of the statute of which [he] was convicted and that comprised the prior controlled substance offense." Docketing Statement at 4. Noting this issue is clearly within the scope of Mr. Belcher's appeal waiver, the government moved to enforce the waiver under *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam). Counsel appointed for Mr. Belcher has filed a response opposing the motion. We now grant the motion and dismiss this appeal.

The government's motion demonstrates, in a facially sufficient manner, that the waiver in the plea agreement applies to this appeal, that the waiver was knowing and voluntary, and that there are no circumstances evident on the existing record to suggest a miscarriage of justice. *See generally Hahn*, 359 F.3d at 1325 (summarizing three components of court's inquiry when enforcing appeal waiver). In his response, Mr. Belcher raises three points to avoid the consequences of his appeal waiver.

First, he notes appellants are not limited to the issues preliminarily identified in docketing statements, *see* 10th Cir. R. 3.4(B); *cf. Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) (holding issue waived if omitted from both docketing statement and opening brief), and objects to the government's focus on the

2

waived sentencing issue in his docketing statement. But, as the docketing statement may be all there is to go on when assessing the scope of an incipient appeal, we routinely look to the issues raised therein when considering motions to enforce appeal waivers, *see, e.g.*, *United States v. Novosel*, 481 F.3d 1288, 1294-95 (10th Cir. 2007); *United States v. Martinez*, 608 F. App'x 692, 693 (10th Cir. 2014); *United States v. Chavez*, 596 F. App'x 636, 637. And we have specifically rejected the argument that a motion to enforce an appeal waiver is premature simply because it targets issues specified in a nonbinding docketing statement, *see United States v. Lamberti*, 434 F. App'x 733, 734-35 (10th Cir. 2013).

Of course, we also consider any additional issues identified by the appellant in his response to a motion to enforce. *See, e.g.*, *United States v. Coronado-Puente*, 555 F. App'x 827, 828-29 (10th Cir. 2014); *United States v. Munoz-Rodriguez*, 551 F. App'x 441, 443 (10th Cir. 2014). In that regard, Mr. Belcher emphasizes that his waiver permits him to raise issues involving ineffective assistance of counsel and prosecutorial misconduct. But he does not *identify* any such issues. Rather, he takes the position that the mere existence of these exceptions to the waiver requires the government to demonstrate that "the record is devoid of evidence related to [any possible] ineffective-assistance-of-counsel claim or . . . prosecutorial-misconduct claim." Mot. for Enf. at 4. None of our precedent dealing with motions to enforce appeal waivers places such an onerous, if not unworkable, burden on the government. Rather, as the case law cited above (representative of many more cases) reflects, in determining whether an appeal falls within the scope of a waiver, we look to the

3

issues *the defendant specifies* in his docketing statement, response to the motion to enforce, and (if available) opening appellate brief; it is not up to the government to scour the record for potential appellate issues on behalf of a defendant who has generally waived his right to appeal. To so hold would impose a peculiarly inapt advocatory burden on the government—to develop a defendant's appeal—precisely when a waiver has been obtained to "benefit the government by saving the costs of prosecuting appeals," *Hahn*, 359 F.3d at 1325; *see also Lamberti*, 434 F. App'x at 734-35 (making same point in rejecting argument that enforcement of motion to enforce appeal waiver is premature because appellant "may ultimately raise issues [not yet specified] that are outside the scope of [the] waiver").

Mr. Belcher also suggests he may seek to challenge the district court's decision to run his federal sentence consecutively to his previously imposed state sentence. He claims "it appears to be an open question in this Circuit whether a defendant waives his right to challenge the consecutive nature of [a sentence] without specific language in a plea agreement covering that aspect of the sentence." Resp. to Mot. for Enf. at 4-5. Actually, we have consistently found such challenges to be covered by general appeal waivers that did not include language specifically addressing the consecutive/concurrent nature of the sentence imposed vis à vis a prior state sentence. *See, e.g.*, *Lamberti*, 434 F. App'x at 735; *United States v. Guzman*, 352 F. App'x 284, 286-87 (10th Cir. 2009); *United States v. Tarkington*, 259 F. App'x 158, 159-60 (10th Cir. 2007). Indeed, in *Hahn* itself we held that a consecutive-sentence challenge (albeit involving a prior federal, rather than state,

4

sentence) fell within a general appeal waiver with respect to sentencing matters. *See Hahn*, 359 F.3d at 1328.

Finally, we note that our dismissal of this appeal on the basis of the motion to enforce Mr. Belcher's appeal waiver does not affect any ineffective-assistance claim he may wish to pursue in a collateral review proceeding under 28 U.S.C. § 2255. *See United States v. Polly*, 630 F.3d 991, 1003 (10th Cir. 2011).

The government's motion to enforce is granted and the appeal is dismissed.

Entered for the Court
Per Curiam

5